MEMORANDUM OPINION

No. 04-05-00396-CR

Herman SAIZ,
Appellant

v.

The STATE of Texas,
Appellee

From the 365th Judicial District Court, Dimmit County, Texas
Trial Court No. 04-06-02295-DCRAJA
Honorable Amado J. Abascal, III, Judge Presiding


PER CURIAM
 
Sitting:            Sarah B. Duncan, Justice
Karen Angelini, Justice
Sandee Bryan Marion, Justice
 
Delivered and Filed:   October 12, 2005

DISMISSED FOR LACK OF JURISDICTION
            Herman Saiz appeals the trial court’s judgment convicting him of felony driving while
intoxicated and sentencing him to three years in the Texas Department of Criminal Justice —
Institutional Division. The trial court imposed sentence on Saiz on April 8, 2005, and Saiz did not
file a motion for new trial. The deadline for filing a notice of appeal was therefore May 9, 2005,
thirty days after sentence was imposed. See Tex. R. App. P. 26.2(a)(1). Saiz did not file his notice
of appeal until May 26, 2005, and he did not file a motion for extension of time to file the notice of
appeal. See Tex. R. App. P. 26.3. 
            Saiz contends his May 26, 2005 notice of appeal was timely filed “based on the time frame
that began when the appealable order [the Judgment] was filed in these proceedings, that is, ... May
2, 2005.” However, the time for appealing a criminal judgment “begins to run ‘on the day sentence
is imposed or suspended in open court’ rather than when the written judgment/sentence is signed”
or filed. Coffey v. State, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998) (quoting Rodarte v. State, 860
S.W.2d 108, 109 (Tex. Crim. App. 1993)). “[I]t is the pronouncement of sentence that is the
appealable event, and the written sentence or order simply memorializes it.” Coffey, 979 S.W.2d at
328. 
            Because the notice of appeal in this case was not timely filed, we lack jurisdiction to entertain
the appeal. See Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); see also Ater v. Eighth
Court of Appeals, 802 S.W.2d 241 (Tex. Crim. App. 1991) (explaining that writ of habeas corpus
pursuant to article 11.07 of the Texas Code of Criminal Procedure governs out-of-time appeals from
felony convictions). Accordingly, we dismiss this appeal for want of jurisdiction.
 
                                                                                    PER CURIAM
Do not publish